**Ray ACKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35140.**

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

Rehearing Denied Jan. 23, 1963.

---

No attorney on appeal for appellant.

Henry Wade, Dist. Atty., John Rogers and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated as a second offender; the punishment, 2 years in the penitentiary.

Sharon Meyer, an eleven-year old girl who was riding her bicycle in the vicinity in question, testified that appellant and a woman came out of a nearby house, that appellant got into an automobile on the driver's side and the woman entered on the other side, that appellant drove the automobile out in the street, where it col- lided with a parked truck and then drove zigzagging down the street until the automobile turned over.

Lloyd Odum, who lived nearby, testified that he heard the noise, went to the overturned automobile, found appellant lying partially out of the automobile on the driver's side; that when he attempted to help the woman from the automobile appellant cursed him; that appellant smelled strongly of alcohol and fell to the ground sometime after he was extricated from the automobile, and expressed the opinion that he was intoxicated. He testified that appellant's woman companion kept reminding, "Don't forget, I was driving the car."

Sharon's mother testified that when she arrived at the upturned automobile she smelled alcohol on both appellant's and the woman's breath, heard them arguing about who was driving, saw appellant trying to escape from the ambulance after it arrived, and expressed the opinion that appellant was intoxicated.

Police officer Lewis testified that when he arrived upon the scene he traced the tracks of appellant's automobile back to where it had knocked over a mail box and collided with a parked truck. He stated that he heard appellant tell his woman companion to say she had been driving, at which time she shook her head, saw appellant fall as he walked to the ambulance, detected a strong odor of alcohol on his breath, and expressed the opinion that he was intoxicated.

Officer Starks testified that he followed the ambulance to the hospital, that appellant cursed him as he approached him, that he smelled alcohol on appellant's breath, and expressed the opinion that he was intoxicated.

Appellant introduced the hospital records which, in addition to showing his injuries, also showed that he had been drinking alcohol. He also called his uncle, with whom he had been drinking beer and whiskey on the day in question, who testified

that appellant's wife was driving the automobile as they left his house just prior to the wreck. Appellant's wife also testified that she was the driver. On cross-examination, she denied that she had told officer Starks that appellant was driving.

Officer Starks was called in rebuttal and testified that appellant's wife, when interrogated at the hospital, first said she had been driving but finally admitted that it was appellant.

The jury resolved the disputed issue as to who was driving against appellant, and we find the evidence sufficient to support their verdict.

There are no formal bills of exception, and the informal bills fail to present any serious question.

Finding no reversible error, the judgment of the trial court is affirmed.